**Case No. 26-14146**

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

CAIR-FOUNDATION, INC., *et al.*,

Plaintiffs–Appellants,

v.

RON DESANTIS, *et al.*,

Defendants–Appellees.

Case No. 26-14146

On Appeal from the United States District Court for the Northern District of Florida

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY AND THE FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION IN SUPPORT OF PLAINTIFFS–APPELLANTS**

Anna Diakun
Xiangnong (George) Wang
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
anna.diakun@knightcolumbia.org
george.wang@knightcolumbia.org
alex.abdo@knightcolumbia.org
jameel.jaffer@knightcolumbia.org

*Counsel for Amici Curiae*

*CAIR-Foundation, Inc. v. DeSantis*, No. 26-14146

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, *amici curiae* Knight First Amendment Institute at Columbia University and Foundation for Individual Rights and Expression certify that the following have an interest in the outcome of this appeal:

1. Abdo, Alex, *Counsel for Amici Curiae*
2. American Civil Liberties Union Foundation, *Counsel for Plaintiffs–Appellants*
3. American Civil Liberties Union Foundation of Florida, *Counsel for Plaintiffs–Appellants*
4. Bailey, Mark Langenbach, *Counsel for Plaintiffs–Appellants*
5. Bakkedahl, Thomas, *Defendant–Appellee*
6. Bartlett, Bruce, *Defendant–Appellee*
7. Basford, Larry, *Defendant–Appellee*
8. Bondurant Mixson & Elmore LLP, *Counsel for Plaintiffs–Appellants*
9. Brodsky, Ed, *Defendant–Appellee*
10. CAIR Florida, Inc., *Plaintiff–Appellant*
11. CAIR-Foundation, Inc., *Plaintiff–Appellant*
12. Campbell, Jack, *Defendant–Appellee*

13. Carlo-Gonzalez, Celin Alejandra, *Counsel for Plaintiffs–Appellants*
14. Cooper & Kirk, PLLC, *Counsel for Defendants–Appellees*
15. Cooper, Charles J., *Counsel for Defendants–Appellees*
16. Cox, Alexcia, *Defendant–Appellee*
17. Craine, Jessica Paige, *Counsel for Defendants–Appellees*
18. DeSantis, Ron, *Defendant–Appellee*
19. Dewhirst, David Morgan Steven, *Counsel for Defendants–Appellees*
20. Diakun, Anna, *Counsel for Amici Curiae*
21. Durrett, John, *Defendant–Appellee*
22. Fleisher, Aaron Saul, *Counsel for Plaintiffs–Appellants*
23. Florida Attorney General's Department of Legal Affairs' Office of Statewide Prosecution, *Implements Challenged Statutory Regime*
24. Florida Attorney General's Office, *Counsel for Defendants–Appellees*
25. Foundation for Individual Rights and Expression, *Amicus Curiae*
26. Fox, Amira, *Defendant–Appellee*
27. Gannon, Kayla Polonsky, *Counsel for Plaintiffs–Appellants*
28. Gladson, Bill, *Defendant–Appellee*
29. Gorski, Ashley Marie, *Counsel for Plaintiffs–Appellants*
30. Gustafson, Tyler Evan, *Counsel for Defendants–Appellees*

31. Haas, Brian, *Defendant–Appellee*
32. Hogle, Charles, *Counsel for Plaintiffs–Appellants*
33. Ingoglia, Blaise, *Defendant–Appellee*
34. Jaffer, Jameel, *Counsel for Amici Curiae*
35. Keefe, Larry, *Defendant–Appellee*
36. Knight First Amendment Institute at Columbia University, *Amicus Curiae*
37. Kramer, Brian, *Defendant–Appellee*
38. Larizza, R.J., *Defendant–Appellee*
39. Lopez, Susan, *Defendant–Appellee*
40. Madden, Ginger Bowden, *Defendant–Appellee*
41. McCoy, Scott D., *Counsel for Plaintiffs–Appellants*
42. Moss, Nicole Jo, *Counsel for Defendants–Appellees*
43. Muehlhoff, Jason John, *Counsel for Defendants–Appellees*
44. Nelson, Melissa, *Defendant–Appellee*
45. Pryor, Harold, *Defendant–Appellee*
46. Ramer, John Duross, *Defendant–Appellee*
47. Rundle, Katherine Fernandez, *Defendant–Appellee*
48. Scheiner, William, *Defendant–Appellee*

49. Shamsi, Hina, *Counsel for Plaintiffs–Appellants*
50. Simmons, Mary Ella Wright, *Counsel for Plaintiffs–Appellants*
51. Simpson, Wilton, *Defendant–Appellee*
52. Smith, Natalie Grace Mary, *Counsel for Plaintiffs–Appellants*
53. Soto, Diego Armando, *Counsel for Plaintiffs–Appellants*
54. Southern Poverty Law Center, *Counsel for Plaintiffs–Appellants*
55. Tilley, Daniel Boaz, *Counsel for Plaintiffs–Appellants*
56. Toomey, Patrick Christopher, *Counsel for Plaintiffs–Appellants*
57. Uthmeier, James, *Defendant–Appellee*
58. Varghese, Manoj Sam "Sachin," *Counsel for Plaintiffs–Appellants*
59. Walters, Riley William, *Counsel for Defendants–Appellees*
60. Wang, Xiangnong "George," *Counsel for Amici Curiae*
61. Ward, Dennis, *Defendant–Appellee*
62. Winsor, Hon. Allen, *District Court Judge for the Northern District of Florida*
63. Worrell, Monique, *Defendant–Appellee*

The Knight First Amendment Institute at Columbia University and the Foundation for Individual Rights and Expression certify that they have no parent corporation and that no publicly held corporation owns 10 percent or more of their

stock. The Knight First Amendment Institute at Columbia University and the Foundation for Individual Rights and Expression further certify that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: November 12, 2026

*/s/ Anna Diakun*
Anna Diakun
Knight First Amendment Institute at
Columbia University

*Counsel for Amici Curiae*

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*

The Knight First Amendment Institute at Columbia University (the "Knight Institute") and the Foundation for Individual Rights and Expression ("FIRE") respectfully move for leave to file the attached brief as *amici curiae* supporting Plaintiffs–Appellants' Time Sensitive Motion for Injunction Pending Appeal, ECF No. 5-1. The Knight Institute and FIRE sought consent from all parties to the filing of its *amicus* brief before moving for permission to file; Plaintiffs–Appellants consented, but counsel for *amici* have not received a response from Defendants–Appellees. (Counsel for *amici* note that they began experiencing a Microsoft Outlook outage during the afternoon of November 12, 2026. It is possible that this outage has prevented their receipt of a response from Defendants–Appellees.) In support of this motion, *amici* state the following.

This Court has authority to appoint *amici curiae* pursuant to Federal Rule of Appellate Procedure 29 and Eleventh Circuit Local Rule 29. *Amicus* briefs assist a court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by [e]nsuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008) (internal citation omitted), *aff'd*, 564 F.3d 1290 (11th Cir. 2009). Leave to file a brief as *amici*

*curiae* should be granted when "the amici have stated an 'interest in the case,' and it appears that their brief is 'relevant' and 'desirable,'" such as when "it alerts the merits panel to possible implications of the appeal." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (quoting Fed. R. App. P. 29(a)(3)); *see also id.* at 132 ("The criterion of desirability set out in Rule 29(b)(2) is open-ended, but a broad reading is prudent.").

The Court should grant this motion because the Knight Institute and FIRE have an interest in the case and their proposed brief offers relevant and desirable arguments that will aid the Court's determination of difficult issues concerning the First Amendment and the necessity of time-sensitive equitable relief.

The Knight Institute is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press through strategic litigation, research, and public education. The Knight Institute's aim is to promote a system of free expression that is open and inclusive, that broadens and elevates public discourse, and that fosters creativity, accountability, and effective self-government. The Institute also filed an *amicus* brief in *CAIR Foundation, Inc. v. DeSantis*, No. 26-10735 (11th Cir.).

FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and thought—the essential qualities of liberty. Since 1999, FIRE has successfully defended freedom of expression nationwide without regard to speakers'

political views through public advocacy, targeted litigation, and *amicus curiae* filings. *See, e.g.*, *Pernell v. Fla. Bd. of Governors of State Univ.*, 181 F.4th 1135 (11th Cir. 2026), *cert. docketed*, No. 26-475 (Oct. 8, 2026); Brief of FIRE *et al.* as *Amici Curiae* Supporting Petitioner, *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 608 U.S 174 (2026); *Stanford Daily Publ'g Corp. v. Rubio*, 820 F. Supp. 3d 974 (N.D. Cal. 2026), *appeal docketed*, No. 26-6906 (9th Cir. Oct. 19, 2026); Brief of FIRE as *Amicus Curiae* Supporting Appellants, *Tampa Bay Students for Dem. Soc'y v. Law*, No. 26-11625 (filed Sept. 22, 2026); Briefs of FIRE as *Amicus Curiae* Supporting Petitioner, *NRA v. Vullo*, 602 U.S. 175 (2024), *cert. denied after remand*, 146 S. Ct. 1628 (2026). As such, FIRE is deeply concerned by State claims of authority to apply viewpoint-based designations that effectively require organizations to cease expressive and associative activity within the jurisdiction.

Thus, the Knight Institute and FIRE have an interest in protecting the First Amendment rights to freedom of speech and association implicated by the Domestic Terrorist Organization regime ("DTO regime") at issue here.

The proposed brief is desirable and relevant to the disposition of the case because it details the historical precedent for Florida's DTO regime and explains the likely consequences if this regime is upheld. As the brief explains, Florida's regime lacks adequate substantive and procedural safeguards and allows a handful of executive officials to shut down constitutionally protected speech and association of

organizations they disfavor. If Florida's regime is upheld, it will pave the way for other state legislatures to enact similar schemes, enabling them to target politically unpopular groups in their own states. The brief grounds its analysis in a historical case study of the concerted effort by many states to shut down the NAACP in the 1950s and 1960s, which is now viewed as a shameful departure from our constitutional tradition. *Amici*'s relevant and additive analysis is supported by the Knight Institute's and FIRE's extensive First Amendment expertise and readily satisfies Federal Rule of Appellate Procedure 29's requirements for this Court to grant leave to file.

Pursuant to Federal Rule of Appellate Procedure 29(a)(6), *amicus curiae* briefs are due "no later than 7 days after the principal brief of the party being supported is filed." Plaintiffs–Appellants filed their motion on November 10, 2026. Accordingly, this *amicus* brief is timely filed.

## CONCLUSION

For the foregoing reasons, *amici* respectfully urge this Court to grant this motion.

Dated: November 12, 2026

Respectfully submitted,

By: /s/*Anna Diakun*

Anna Diakun
Xiangnong (George) Wang
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
anna.diakun@knightcolumbia.org
george.wang@knightcolumbia.org
alex.abdo@knightcolumbia.org
jameel.jaffer@knightcolumbia.org

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this motion contains 896 words.

2. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: November 12, 2026

/s/*Anna Diakun*
Anna Diakun
Knight First Amendment Institute at Columbia University

*Counsel for Amici Curiae*